UNITED STATES of America

v.

Gregory Lawrence HILLAN.

Crim. No. 5–74–27.

United States District Court,
N. D. Texas,
Lubbock Division.

Aug. 16, 1974.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., by Bob Slough, Asst. U. S. Atty., Lubbock, Tex., for plaintiff.

James R. Alexander, Lubbock, Tex., for defendant.

## ORDER

WOODWARD, District Judge.

The defendant is charged by indictment with a violation of Title 21, United States Code, Section 841(a)(1), of knowingly and intentionally possessing with intent to distribute a Schedule II Controlled Substance, to-wit: Amphetamine.

The defendant duly filed his motion to suppress certain evidence together with a brief in support thereof and the government has filed its memorandum reply in opposition to such motion. A hearing on said motion was held in Lubbock, Texas on the 16th day of August, 1974 with the Assistant United States District Attorney and the defendant and his attorney being present. The government presented evidence to the court and the court finds the following facts in connection with the motion to suppress.

On May 2, 1974 a man and woman came to the office of the R.E.A. Air Express in Denver, Colorado with a package to be shipped by air to an addressee in Lubbock, Texas. The addressee was the defendant in this case. The manager of the Denver Air Express office observed the man and woman while they were presenting the package to another clerk and they appeared nervous and because of their unusual actions this manager inquired of the clerk accepting the shipment as to the contents. He was informed that the shipper had stated that it was candles and this further aroused his suspicions because the express charges for shipping candles would be unusually high. Accordingly and under the rules and regulations of his company permitting him to do so, the package was opened for the purpose of determining the contents thereof and to ascertain the correct rate to be charged. The package was sent in such a manner that the transportation charges would be collected from the defendant in Lubbock, Texas.

Upon opening the package the manager of the R.E.A. Air Express removed five cellophane wrapped bags and he testified that each of the bags contained approximately 1,000 tablets with an "X" marked on each tablet. This manager, Mr. Richard Potenski, was the employee of R.E.A. Air Express, a private corporation, and was not in any way acting under the instructions of or as the agent for the United States of America in the initial opening of this package. Mr. Potenski then placed a telephone call to the Drug Enforcement Administration of the Department of Justice in Denver, Colorado and informed them of the package, the contents that he had observed, and following the instructions of the government agent placed the packages in his office safe until the agent could arrive at his office for further inspection. The package was left for shipment at approximately 5:30 P.M. and the telephone call was between 6:00 and 6:30 P.M. on May 2, 1974.

The next morning between 10:00 and 10:30 A.M. the agent to whom Mr. Potenski had talked by telephone the previous day, Mr. Roth, came to the airport and the package was taken out of the safe, opened and the contents spread out on the desk by Mr. Potenski for Mr. Roth's inspection. The package had not been resealed although the bags had been replaced in their container while it was being held overnight in the office safe. Mr. Roth secured samples from each bag, placed his initial on each bag, and then the bags were repacked in their original box. This re-packed container was then placed in a special red net bag and Mr. Roth instructed Mr. Potenski to ship the bag to Lubbock on the next Texas International flight. This

was done and the package arrived at the Texas International office at the Lubbock airport sometime after noon on May 3, 1974. Mr. Roth, the Drug Enforcement agent in Denver, then called the Drug Enforcement agent in Lubbock, Texas informing him of the contents of the package and advising him when it would arrive. The agent in Denver and the agent in Lubbock each contacted the Assistant United States District Attorney's office and consulted with them about the procedures, but no warrant was obtained for either the search or seizure or the arrest of the defendant.

Mr. Voyles, a special agent of the Drug Enforcement Administration in Lubbock, was at the airport when the plane arrived and contacted the local station manager of Texas International, Mr. Tomlinson. Mr. Tomlinson handled the shipment and unloading of the package from the flight and the net bag was opened and following the instructions on the package, a telephone call was placed to the telephone number shown and to the defendant at that number. With the permission of Mr. Tomlinson, this conversation was recorded. Subsequently, at approximately 3:30 P.M., the defendant appeared at the Texas International counter and claimed the shipment and was preparing to leave in his automobile when he was placed under arrest by Mr. Voyles.

The defendant, in his motion, seeks to suppress the introduction of any of the evidence seized or obtained as a result of the above circumstances.

The court denies the motion to suppress.

■■ It appears to the court that the original search was not by any act or actions of the government or any of its agents, servants, or employees nor by anyone acting under the direction of the United States of America or any other governmental entity. The Fourth Amendment does not protect such a search by a private citizen as was done in this case. After the search, and as soon as was practicable under the circumstances, the package was inspected by Mr. Roth and he in effect seized the shipment and it remained for all pertinent purposes as a seized item in the custody of the United States of America up until the time that it was delivered to the defendant and at the time of his arrest. This seizure was accomplished by the initialing of the packages and by the manner in which the package was shipped under the control and direction of the government. The seizure was permissible under the plain view doctrine at the time that the contents of the package were shown to the agent of the government by Mr. Potenski in Denver, Colorado.

As the search by Mr. Potenski is not one prohibited by the Fourth Amendment and as the initial seizure in Denver, Colorado by the government was permissible under the plain view doctrine, the taking of the package in Lubbock, Texas was not an initial seizure but was merely a reassertion of the control of the package "which had already been seized for legal purposes and was merely being used as bait. Accordingly no warrant was required." United States v. Maxwell et al., 484 F.2d 1350 (5th Cir. 1973); United States v. De-Berry, 487 F.2d 448 (2nd Cir. 1973); United States v. Wilverson, 478 F.2d 813 (8th Cir. 1973).

The motion to suppress is here denied.

The Clerk will furnish a copy hereof to each attorney.